IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SADE ARCHIBALD,<br><br>               **Plaintiff,**<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>               **Defendant.** | Case No. 3:24-CV-01446-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on *pro se* Plaintiff Sade Archibald's Response (Doc. 6) to the Court's Order to Show Cause (Doc. 5). Plaintiff Archibald also filed a Motion for Leave to File Amended Complaint. (Doc. 7). This matter concerns the Complaint (Doc. 1) filed by Plaintiff Archibald against Capital One Financial Corporation. In her original pleading, Plaintiff Archibald asserted breach of contract, breach of fiduciary duty, and various financial claims against Capital One regarding a credit card account carrying an approximately $4,400 balance that Capital One apparently closed for violation of their terms of use. (*See id.*, Exs. H, I, J, K). The Court ordered Plaintiff Archibald to Show Cause why her case should not be dismissed for lack of subject-matter jurisdiction. (Doc. 5). Having been fully informed of the issues presented, the Court **DENIES** Plaintiff Archibald's Motion for Leave to File Amended Complaint and **DISMISSES this case without prejudice** for lack of subject-matter jurisdiction.

As the Court noted in its Order to Show Cause (Doc. 5, pp. 1–2), the instant suit is one of six other cases that these same litigants[1] have filed in this District over the past twelve months: *Sabrina v. PNC Fin. Servs. Grp., Inc.*, No. 23-cv-01843-JPG (filed May 31, 2023, dismissed December 7, 2023); *Sade v. PNC Fin. Servs. Grp., Inc.*, No. 23-cv-01845-JPG (filed May 31, 2023, dismissed November 28, 2023); *Sabrina v. Associated Banc-Corp*, No. 23-cv-03048-JPG (filed September 8, 2023, dismissed December 5, 2023); *Sabrina v. Scott Credit Union*, No. 23-cv-03611-JPG (filed November 8, 2023, dismissed December 7, 2023); and *Sabrina v. Capital One Fin. Corp.*, No. 23-cv-02798-SMY (filed August 14, 2023, dismissed without prejudice June 28, 2024 with leave to file second amended complaint). Notably, four of these cases have already been dismissed for lack of subject matter jurisdiction. *See* No. 23-cv-01843-JPG (Doc. 41); No. 23-cv-01845-JPG (Doc. 36); No. 23-cv-03048-JPG (Doc. 37); 23-cv-03611-JPG (Doc. 12). Regarding this family of cases, District Judge Gilbert noted the following:

> Each attempt . . . is initiated by a rambling, barely intelligible complaint. In other cases, the Plaintiff filed a flurry of amendments and rushed to default judgments. The Plaintiff's attempt to secure speedy defaults against multiple creditors, advancing nonsensical legal theories that no reasonable person would believe, suggests bad faith. By obfuscating facts and using archaic legal jargon, it seems the Plaintiff hoped to warp the legal system into a cudgel; one they could swiftly use against their creditors to not only escape debt, but to secure a windfall *and* force their creditors to continue giving them credit in perpetuity.

---

[1] The Court notes that Plaintiff Sade Archibald shares the same address and brings similar lawsuits against financial companies as does Sabrina Archibald, another plaintiff in this family of cases. *See Sabrina v. PNC Fin. Servs. Grp., Inc.*, No. 23-cv-01843-JPG; *Sade v. PNC Fin. Servs. Grp., Inc.*, No. 23-cv-01845-JPG; *Sabrina v. Associated Banc-Corp*, No. 23-cv-03048-JPG; *Sabrina v. Scott Credit Union*, No. 23-cv-03611-JPG; *Sabrina v. Capital One Fin. Corp.*, No. 23-cv-02798-SMY. These individuals' names were also docketed incorrectly; they were entered into CM/ECF as "Archibald Sade" and "Archibald Sabrina" in earlier cases, apparently because these plaintiffs signed their complaints in "last name, first name" format. *See supra*. The instant case, however, has Plaintiff Sade Archibald's name correctly entered into CM/ECF.

No. 23-cv-3611-JPG (Doc. 12, p. 4).

Although Capital One has not yet filed an answer or otherwise responded, the Court issued an Order to Show Cause (Doc. 5) because of egregious errors in Plaintiff Archibald's Complaint which resulted in the Court lacking subject-matter jurisdiction over her purported claims—the Court determined that her claims were indecipherable, that her amount in controversy calculation was not made in good faith, and that she lacked standing to assert eight of her claims. (*See id.*, pp. 4–6).

In her Response (Doc. 6), Plaintiff Archibald asserts that she will deliver a "decipherable" pleading in the form of a proposed amended complaint (Doc. 6, p. 2*; see id.*, Ex. O). Plaintiff Archibald condenses her original eleven claims into three claims in her proposed amended complaint—a 42 U.S.C. § 1983 claim alleging violation of Plaintiff Archibald's Fifth Amendment rights, a breach of trust claim, and breach of fiduciary duties claim. (*See id.*, Ex. O). As the Court retains an independent duty to assess whether it has subject-matter jurisdiction to adjudicate all cases brought before it, the Court will assess Plaintiff Archibald's Complaint sua sponte. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994); *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff Archibald attempts to circumvent the Court's identified deficiencies with diversity jurisdiction by removing it entirely from her amended complaint. (*See* Doc. 6, Ex. O, p. 1 ("This court has jurisdiction because of violation of the Fifth

Amendment to the United States Constitution (under 42 U.S. Code § 1983) and Breach of Fiduciary Duties are Federal Laws under Federal question [sic] **28 USC 1331**.")). She relies on a claim that Capital One violated her Fifth Amendment protections when it refused to return her funds to her—her amended complaint states that "[t]he Defendant had no legal authority or right to seize the Plaintiff's property without due process and just compensation." (Doc. 6, Ex. O, p. 11). Plaintiff Archibald alleges that 42 U.S.C. § 1983 confers her with the right to sue. (*See id.*).

"To succeed on their § 1983 claim, plaintiffs must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) (citing *Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014)). "For a private actor to act under color of state law he must have 'had a meeting of the minds and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Hanania v. Loren–Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) (requiring a showing of "a concerted effort between" a private actor and state actor and that a state actor and private actor "reached an understanding to deprive the plaintiff of her constitutional rights"); *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) ("A requirement of the joint action charge . . . is that both public and private actors share a common, unconstitutional goal.")) (cleaned up).

There are myriad issues here. First, Plaintiff Archibald claims that the closure of her account for violation of Capital One's terms of use is a violation of her Fifth Amendment right to due process and just compensation. (*See* Doc. 6, Ex. O, p. 11).

"The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use without just compensation.'" *Pavlock v. Holcomb*, 35 F.4th 581, 586 (7th Cir.) (citing U.S. Const. amend. V), *cert. denied*, 143 S. Ct. 374 (2022). Clearly, Plaintiff Archibald's account balance was not taken by the government for public use. This is a frivolous and defective interpretation of the Fifth Amendment Takings Clause. Second, even if she had alleged a constitutional violation, Plaintiff Archibald has only sued Capital One; she has not alleged claims against any public (i.e., government) "state actor" defendants. Third, as she has not brought a claim against any state actors, she cannot allege that there was a "meeting of the minds" sufficient to indicate that Capital One was "acting under color of state law." *Wilson*, 830 F.3d at 468 (citing *Armato*, 766 F.3d at 719–20); *see Sabrina v. Fairbank*, No. 23-cv-02798-SMY (S.D. Ill. 2024) (Doc. 41, p. 3 (citing D.*S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015))). Plaintiff Archibald has, therefore, failed to state a claim that she is entitled to relief pursuant because she has no cause of action against Capital One pursuant to 42 U.S.C. § 1983.

Additionally, recall that Plaintiff Archibald explicitly stated that she is no longer alleging diversity jurisdiction; she alleges that she is bringing the instant suit under federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Doc. 6, p. 1 ("Diversity citizenship has been removed from the proceedings even though the Plaintiff resides in Illinois and the Defendant is headquartered in Virginia"); *see id.*, Ex. O, p. 1 ("This court has jurisdiction because of violation of the Fifth Amendment to the United States Constitution (under 42 U.S. Code § 1983) and Breach of Fiduciary Duties are Federal Laws under Federal question **28 USC 1331**.")). While

Plaintiff Archibald claims that she can bring breach of trust and breach of fiduciary duties claims against Capital One pursuant to federal law, these claims stem from state law, not federal law. (*See* Doc. 6, Ex. O, p. 1). Although causes of action for breach of trust and breach of fiduciary duties are provided by various federal statutory schemes (*see, e.g.*, Federal Aviation Act of 1958, § 401(n)(2) *as amended* 49 U.S.C. § 1371(n)(2); Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*), the instant case does not fit within such a statutory scheme. Thus, Plaintiff Archibald must plead her breach of trust and breach of contract claims in accordance with state law. Therefore, because Plaintiff Archibald's § 1983 claim is meritless and her two additional state law claims do not confer federal question jurisdiction, the Court lacks subject-matter jurisdiction to address Plaintiff Archibald's claims in her proposed amended complaint.

Notably, Plaintiff Archibald's logic that Capital One's "promissory note" is a trust is meritless and relies on the same pseudo-legal analysis that she attempted in her original Complaint. (*See* Doc. 6, Ex. O, p. 2; *see also* Doc. 1). In fact, the Court notes that the proposed amended complaint is peppered with the same fallacious and frivolous legal arguments as was Plaintiff Archibald's original Complaint. (*See generally id.*, Ex. O). This includes the purported legal separation between natural person "Sade Archibald" and "SADE ARCHIBALD" (*id.*, Ex. O, p. 1); the attempts that Plaintiff Archibald made to "amend" the credit agreement with Capital One (*id.*, p. 2); claims that Plaintiff Archibald is making payments with "federal reserve notes," (*id.*, p. 3); arguments that her "collateral security on the above-mentioned account was purchased, securitized, and sold . . . in the Open Market in accordance with 12

U.S.C. § 8" (*id.*, p. 5); and reliance on the Uniform Commercial Code (*id.*, p. 7), which only applies to merchants (i.e., not to Plaintiff Archibald).

"Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice." *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) (citing *Page v. Democratic Nat'l Committee*, 2 F.4th 630, 639 (7th Cir. 2021)). As the instant case is the *sixth* such case Plaintiff Archibald has filed in this District, it is clear that she is aware of the pleading requirements of Federal Rule of Civil Procedure 8 which requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In her reliance on mystifying and indecipherable reasoning, Plaintiff Archibald has failed to prove that this Court has subject-matter jurisdiction to address her claims and has failed to follow the Court's orders explicitly ordering her to do so. (*See* Doc. 5). Moreover, her proposed amended complaint shows that Plaintiff Archibald is wholly unable to cure the manifest deficiencies in her lawsuit. While Plaintiff Archibald is correct that leave to amend should be given freely as justice demands, *see* Fed. R. Civ. P. 15(a)(2), that is not the case here—it is clear that Plaintiff Archibald will continue to obstinately obfuscate the facts at issue and is wholly unable to follow the directives of this Court.

The Court retains the ability to impose sanctions should parties refuse to abide by the Court's orders. As Plaintiff Archibald is well aware of the pleading requirements in this Court and continues to clog its docket with meritless, frivolous lawsuits, Plaintiff Archibald's Motion for Leave to File Amended Complaint is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-

matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  July 2, 2024**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
